J-A16008-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RICHARD MICKMAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELAINE MICKMAN, | |
| Appellant | No. 2913 EDA 2017 |

Appeal from the Order August 1, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 03-06252

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED SEPTEMBER 17, 2018**

Elaine Mickman (Appellant) appeals *pro se* from the August 1, 2017 order that denied her exceptions to the hearing officer's recommendation relating to her receipt of child support in the amount of $2,463.00 per month. That order also granted Richard D. Mickman's (Appellee) motion to dismiss Appellant's exceptions.[1]  After review, we affirm.

Appellant sets forth the following statement of the question involved:

---

[1] The trial court designates Ms. Mickman as the Defendant in its opinion and order, although she is the Plaintiff in this support action.  Likewise, Mr. Mickman is designated as the Plaintiff, although he is the Defendant in this support action.  It is evident that these titles were assigned to the parties in light of the action simultaneously taking place with regard to Ms. Mickman's petition to open/vacate the divorce decree, now on appeal at 1469 EDA 2017. The two appeals are not consolidated; however, they were argued consecutively and the decisions by this Court will be filed at the same time.

The court erred as a matter of law and abused its discretion in dismissing Appellant's "timely" filed [c]hild [s]upport [e]xceptions without meaningful hearing to present evidence consistent with the applicable [r]ules and [f]ederal [r]egulations.

Appellant's brief at 4.

We have reviewed the certified record, the briefs of the parties, the applicable law, and the Honorable Patricia E. Coonahan's opinion, dated October 23, 2017. We conclude that Judge Coonahan's opinion correctly addresses the issue raised by Appellant and, therefore, we adopt it as our own and affirm the support order on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/18

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA
FAMILY DIVISION

| | | |
|---|---|---|
| **RICHARD D. MICKMAN** | : | **SUPERIOR COURT**<br>**DOCKET NO. 2913 EDA 2017** |
| **v.** | : | **LOWER COURT**<br>**DOCKET NO. 2003-06252**<br>**PACSES NO. 750105293** |
| **ELAINE MICKMAN** | : | |

## OPINION

COONAHAN, J.                                             October 23 , 2017

## I. FACTS AND PROCEDURAL HISTORY

On February 3, 2017, Support Master Mindy A. Harris, Esquire of the
Montgomery County Domestic Relations Office issued a recommendation and order
that Richard D. Mickman, Plaintiff (Defendant in support caption) is to pay to Elaine
Mickman, Defendant (Plaintiff in support caption) the amount of $2,463.00 per
month in child support payments.

By way of background and review of the court's Domestic Relations Office
file, on September 19, 2016, the parties appeared before a conference officer in the
Montgomery County Domestic Relations Office for a modification conference. At the
September 19, 2016 modification conference, the Defendant signed a document
which set forth the procedural requirements for a party's record hearing before the
support master as well as any subsequent child support exceptions that a party
may subsequently raise. This document was signed by the Defendant on
September 19, 2016 and states in relevant part as follows:

> "The record hearing is your final opportunity to present documentation and
> oral evidence. Any appeal from the order issued after this hearing will be an
> oral argument to the Court based on an exception to a ruling of evidence, a

finding of fact or conclusion of law. You cannot present new evidence after the conclusion of the record hearing. It is critical that you are prepared for your hearing. An extension of time to produce documentation will not be granted. You must bring all documentation and evidence at the time of the scheduled hearing or the Hearing Officer is not required to consider it. Additionally, you may not present this evidence to the Court at a later date if you file support exceptions."

In her February 3, 2017 Recommendation and Order, Master Harris stated that after hearings before Master Harris on October 25, 2016, December 13, 2016, and January 31, 2017 regarding Elaine Mickman's Petition to Increase, Master Harris was not convinced by the evidence presented at the hearings that Plaintiff Richard Mickman was, as Defendant Elaine Mickman repeatedly contends, hiding unreported income. However, Master Harris noted that since there was an increase in Plaintiff's income since the entry of the last order, a modification was warranted and the child support amount was increased to $2,463.00.

On February 23, 2017 Defendant filed Exceptions to Recommendation of the Hearing Officer in Support. On March 1, 2017, Plaintiff filed a Motion to Dismiss Elaine Mickman's Exceptions to February 3, 2017 Master Recommendation. On March 7, 2017, Defendant filed an Answer to Motion to Dismiss Support Exceptions.

On the record before this court on July 31, 2017, the court informed the Defendant that it would not be conducting an argument on her support exceptions and dismissed Defendant's support exceptions due to Defendant's failure to comply with the proper procedure pursuant to the notice the Defendant signed on September 19, 2016, the February 3, 2017 Per Curiam Support Order and under state and local rules of civil procedure for the filing of child support exceptions in Montgomery County. An explanation of Defendant's failure to comply with the order and rules is discussed below.

2

On August 1, 2017, the court issued an order which denied Defendant's February 23, 2017 Exceptions to Recommendation of the Hearing Officer in Support, and granted Plaintiff's March 1, 2017 Motion to Dismiss Elaine Mickman's Exceptions to February 3, 2017 Master Recommendation. In footnote one (1) of the court's August 1, 2017 order, for clarification purposes, the court noted that it granted Plaintiff's March 1, 2017 Motion to Dismiss due to "Defendant's failure to follow the proper support exceptions procedure", and not for an alleged untimely payment of filing fees associated with Defendant's February 23, 2017 Exceptions to the Recommendation of the Hearing Officer in Support as Plaintiff had argued in his March 1, 2017 Motion to Dismiss.

On August 4, 2017 Defendant filed a Memorandum to Reinstate Support Exceptions. On August 7, 2017 Defendant filed A Petition to Reinstate Support Exceptions. On August 8, 2017, Counsel for Plaintiff, Jack A. Rounick, Esquire, filed a Motion to Dismiss Defendant's Motion/Memorandum to Reinstate Support Exceptions. Exhibit "B" of Mr. Rounick's August 8, 2017 motion is an e-mail correspondence between Defendant and a representative from Diaz Transcription Service which is the child support hearing stenographer for the Montgomery County Domestic Relations Office. In the e-mail exchange, the representative from Diaz Transcription Services informed Defendant that it was in receipt of Defendant's request for a transcript and that the transcripts would be completed once Defendant paid for the transcribing of the transcripts. The court notes that there was no response from Defendant to Plaintiff's August 8, 2017 Motion to Dismiss nor objection to Plaintiff's exhibits. Furthermore, Defendant, herself, had attached a copy of the same e-mail exchange between herself and Diaz Transcription to her

3

February 23, 2017 Exceptions to Recommendation of the Hearing Officer in Support.

On August 9, 2017, the court issued an order denying Defendant's August 4, 2017 Motion/Memorandum to Reinstate Support Exceptions and granting Plaintiff's August 8, 2017 Motion to Dismiss Defendant's Motion/Memorandum to Reinstate Support Exceptions.

On August 30, 2017, Defendant filed a Notice of Appeal of this court's August 1, 2017 order with the Pennsylvania Superior Court. On September 13, 2017[1], the court ordered the Defendant to file with this court a concise statement of the errors complained of on appeal pursuant to Pa. R.A.P. 1925(b).

On October 14, 2017, Defendant filed a Concise Statement which stated the following as the issue of alleged error by this court:

> "The court erred as a matter of law and abused its discretion in dismissing Appellant's "timely" filed Child Support Exceptions without a meaningful hearing to present evidence consistent with the applicable Rules and Federal Regulations."

This opinion is filed pursuant to and is in compliance with Pa. R.A.P. 1925 (a).

## II. DISCUSSION

The Court addresses the Defendant's issue as follows:

> "The court erred as a matter of law and abused its discretion in dismissing Appellant's "timely" filed Child Support Exceptions without a meaningful hearing to present evidence consistent with the applicable Rules and Federal Regulations."

Local Rule of Civil Procedure 1910.10* provides for an alternative hearing procedure for child support exceptions cases before the Montgomery County Court of Common Pleas. In adopting Local Rule of Civil Procedure 1910.10*, the court

---

[1] The court's 1925(b) order was docketed on September 14, 2017. The court was on vacation from September 1, 2017 until September 11, 2017.

4

rescinded Montgomery County Local Rule of Civil Procedure 1910.11* (Support Conciliation), wherein a party in a child support exceptions matter had been entitled to a de novo hearing in the Court of Common Pleas. In adopting Montgomery County Local Rule of Civil Procedure 1910.10*, Montgomery County adopted Pa.R.C.P. 1910.12 which governs an alternative hearing procedure in child support exceptions matters. As previously stated, Montgomery County Local Rule of Civil Procedure 1910.10* eliminated a party's right to a de novo support hearing before the Montgomery County Court of Common Pleas. Rather, Montgomery County Local Rule of Civil Procedure 1910.10* currently requires the moving party in a child support exceptions matter to pay for and obtain a transcript of their child support hearing before the Master in Support, and to complete an exceptions packet detailing the precise nature of the child support exceptions being raised. Once the assigned Judge in the Court of Common Pleas receives the record of the hearing from the master's level, i.e. the transcript and the exceptions packet that must be filed with the Prothonotary's Office, the Judge is to issue a briefing schedule and set an argument date.

During the July 31, 2017 oral argument, the court pointed out to the Defendant that included on page four (4) of the February 3, 2017 Support Recommendation and Order, Support Master Mindy A. Harris, Esquire ordered the following with regard to what is required for a moving party to be in compliance with Montgomery County Local Rule of Civil Procedure 1910.10* and Pennsylvania Rule of Civil Procedure 1910.12:

> "Any party may within TWENTY (20) DAYS of MAILING of this Order file exceptions with the Prothonotary's Office. Prior to filing exceptions, the filing party must request and pay for transcripts of the recorded hearing."

5

Defendant acknowledged the existence of the Support Master's Order on the record during the July 31, 2017 argument (7/31/17 N.T. at 8), yet, Defendant failed to obtain the transcript of the Master's hearing which she was required to do for this court to address her exceptions[2]. In addition, Defendant attached to her February 23, 2017 Exceptions to Recommendation of the Hearing Officer in Support, a copy of the e-mail correspondence between Defendant and Diaz Transcription Services. As previously discussed, this e-mail correspondence illustrates that Defendant was well aware of her duty to obtain and pay for the transcript of the Master's hearing prior to proceeding with her child support exceptions. Despite her clear knowledge of the order and rules of the court, Defendant blatantly ignored her duty to comply. Finally, as previously discussed, on September 19, 2016, Defendant signed an acknowledgement of the procedural requirements she was required to follow after a record hearing with the Support Master and after the filing of any child support exceptions. Defendant was aware when she appeared before the court on July 31, 2017 that she was not entitled to a de novo hearing before the Court of Common Pleas and her failure to follow the procedure for the support exceptions.

## III. CONCLUSION

The court did not err or abuse its discretion in the August 1, 2017 order by dismissing Defendant's Exceptions to Recommendation of the Hearing Officer in

---

[2] The court further notes that the Montgomery County Prothonotary's Office provides at no cost to pro se litigants, a document entitled "Exceptions to Recommendation of Hearing Officer in Support- Filing Instructions for Unrepresented Parties." This public information document provides step by step instructions for the filing of child support exceptions in Montgomery County. The document is also available in the "Document Center" section of Montgomery County's website, www.montcopa.org/documentcenter.

6

Support and in granting Plaintiff's Motion to Dismiss Defendant's Exceptions in Support. Defendant failed to comply with the Montgomery County Local Rules of Civil Procedure and the Pennsylvania Rules of Civil Procedure. Furthermore, the failure of Defendant to follow and proceed pursuant to the Per Curiam Order of February 3, 2017 results in waiver of any issue.

For the above reasons, the court respectfully requests that Defendant's appeal be dismissed and the court's August 1, 2017 order be affirmed.

**BY THE COURT:**

**PATRICIA E. COONAHAN, J.**

Copies of the above Opinion sent
on 10/23 /17 to the following:
**By First-Class Mail:**

Jack A. Rounick, Esquire
Elaine Mickman, *pro se,* 1619 Gerson Drive, Narberth, PA 19072

Secretary

7